SPARROW *v.* E. BEMENT & SONS.

APPEAL AND ERROR—BONDS—RIGHTS OF SURETIES.

> After entry of a decree against a corporation and appeal there-
> from, the corporation was dissolved and a receiver appointed
> for its property. The Supreme Court modified and affirmed
> the decree below by awarding a money judgment against the
> receiver and the surety on the appeal bond, which was not
> made a lien on the assets of the company in the hands of
> the receiver or otherwise given a preference over the general
> creditors. *Held,* that, the complainant not objecting to the
> form of the decree, the surety on defendant's appeal bond
> was not entitled to a preference, or to be relieved from its
> obligation on the bond at the expense of the creditors gener-
> ally.

Motion by the Title Guaranty and Surety Company,
surety in the appeal of E. Bement's Sons, to modify the
decree heretofore entered in this court in said cause (142
Mich. 441), or for a rehearing. Submitted October 9,
1906. (Calendar No. 20,728.) Motion denied November
7, 1906.

*Graves, Hatch & Wasey,* for relator.

*Edward Cahill,* contra.

PER CURIAM. At the request of counsel we file the
following memorandum of our reasons for denying the
motion to modify our decree in the above-entitled cause:

The decree of this court awarded a money judgment
(the amount to be subsequently determined) against the
Detroit Trust Company, receiver, and the Title Guaranty
& Trust Company, surety on the appeal bond. It limits
the Title Guaranty & Trust Company's liability to $10,-
000, being the amount of its bond, and provides that the
decree shall constitute a claim against the property and
assets of E. Bement's Sons and the proceeds thereof in

the hands of the receiver, to be paid by him in the due administration of the trust. Our understanding is that the complainant was not thereby made a preferred creditor, entitled to more than his proportionate share of the assets of E. Bement's Sons, or that the decree of the circuit court was affirmed in regard to the alleged lien upon a portion of the assets.

We are asked to modify the decree in this particular, and to grant a rehearing if this is not otherwise practicable. We see no occasion to do either. Had Mr. Sparrow received the stock to which he was entitled, he could not be permitted to realize more out of it than other preferred stockholders, and it is obvious that none of them could realize anything until E. Bement's Sons' debts should be paid in full. Owing to the fact that the stock which of right should have gone to him, which he might have sold, was withheld and otherwise disposed of by E. Bement's Sons, he has been treated as a creditor of E. Bement's Sons, his claim being allowed at the value of the stock when appropriated; and this is as favorable consideration as he has a right to expect. Apparently it is satisfactory. He is not making this application. It comes from a surety company, who for a consideration has given its undertaking to pay this decree or pay the penalty of its bond. It has no just claim to a preference, or to be relieved from its obligation at the expense of the creditors generally.